IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02019-BNB

HAZHAR A. SAYED,

    Applicant,

v.

SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Hazhar A. Sayed, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. On August 1, 2012, Mr. Sayed filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Criminal Case No. 00CR1250 in the Boulder County District Court . ECF No. 1 is an example of the convention the Court will use throughout this order to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). Mr. Sayed has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On August 3, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 19, 2012, after being granted an extension of time,

Respondents submitted their pre-answer response (ECF No. 11). On October 9, 2012, Mr. Sayed filed a reply (ECF No. 12).

The Court must construe Mr. Sayed's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of jurisdiction or, alternatively, as barred by the one-year limitation period.

Mr. Sayed was charged with two counts of child abuse arising from an incident that occurred on May 17, 2000. ECF No. 11 (pre-answer response), ex. A (state court register of actions) at 2-3. On March 5, 2001, he pleaded guilty under a deferred judgment and was sentenced to an added count of attempted second-degree assault. ECF No. 11, ex. A at 3, 12. On November 15, 2002, the deferred judgment and sentence were revoked. ECF No. 11, ex. A at 11. On January 31, 2003, Mr. Sayed entered a new agreement in which he pleaded guilty to an added count of felony menacing. ECF No. 11, ex. A at 3, 10. On March 21, 2003, Mr. Sayed was sentenced to two years of probation. ECF No. 11, ex. A at 3-4, 10.

Probation violation complaints were filed on May 9, 2003, and October 9, 2003, but probation was not revoked at that time. ECF No. 11, ex. A at 9.

On July 9, 2004, Mr. Sayed filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure to vacate his conviction and withdraw his guilty plea. ECF No. 11, ex. A at 8-9, ex J (*People v. Sayed*, No. 10CA2660 (Colo. Ct. App. Feb. 9, 2012) at 2. On October 27, 2004, the trial court granted his request to

withdraw the motion before the court ruled on it. ECF No. 11, ex. A at 8, ex. J at 2. On April 19, 2005, Mr. Sayed's probation was terminated. ECF No. 11, ex. A at 8.

On August 24, 2006, a jury found Mr. Sayed guilty of sexual assault in Criminal Case No. 05CR70 in Broomfield County, Colorado. ECF No. 11, ex. B at 2. On October 18, 2006, he was sentenced to an indeterminate prison sentence of twenty-four years to life. ECF No. 11, ex. B at 2. He currently is serving the Broomfield County sentence. ECF No. 11, ex. B at 1.

In separate proceedings in December 2007 and August 2010, Mr. Sayed filed postconviction motions in Boulder County District Court raising the claims at issue in the present proceeding. ECF No. 1 at 4; ECF No. 11, ex. J at 2-3. The trial court denied both motions as time barred, and the orders were affirmed on appeal. ECF No. 11, ex. A at 5-8, ex. J at 2-4.

On August 1, 2012, Mr. Sayed filed his habeas corpus application in this Court. He raises two claims: (1) plea counsel failed to advise him of the deportation consequences of his plea, ECF No. 1 at 5-7; and (2) Applicant was not provided an interpreter during his providency hearing. ECF No. 1 at 8-9.

Respondents argue that Mr. Sayed fails to meet the "in custody" requirement of 28 U.S.C. § 2254(a) because the conviction he is challenging, i.e., his conviction in Boulder County District Court, has expired, and he fails to allege adequately any exception to the custody requirement.

A district court shall entertain an application for a writ of habeas corpus only on behalf of a person "in custody pursuant to the judgment of a State court" that the prisoner is attacking. *See* 28 U.S.C. § 2254(a). "The 'in custody' language of § 2254 is

jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the application." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004), *abrogated on other grounds by Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). "[O]nce a prisoner's sentence expires, he is no longer 'in custody' under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254." *Broomes*, 358 F.3d at 1254 (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). The expired-conviction rule does not apply where the application asserts a challenge to a sentence currently being served that is enhanced by an allegedly invalid fully expired sentence. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001).

Although a *pro se* pleading is to be read liberally, *see Haines*, 404 U.S. at 520-21, a statement of intent to challenge a current sentence, however fleeting, must be explicit. *See, e.g.*, *McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (habeas corpus petition fairly could be read to assert challenge to later sentence where footnote asserted that because the prior convictions were used to enhance the later sentence, the petition was filed "in part" to attack that enhancement); *but see Neiberger v. Rudek*, 450 F. App'x 719, 725 (10th Cir. Dec. 6, 2011) (unpublished) (petition could not fairly be read to assert challenge to later sentence where petition failed to identify later criminal sentence or make a particularized argument that the later sentence was enhanced by the earlier convictions; the petition merely stated that "anytime a prior conviction is used to enhance[,] it is always open for collateral attack"; and on appeal there was "a fleeting suggestion that 'Judgments and Sentences' – presumably those obtained in 1984 – were 'used to enhance punishment in this case being appealed'").

In the instant action, Mr. Sayed's conviction expired on April 19, 2005, when Mr. Sayed's two-year probationary sentence was terminated without being revoked. ECF No. 11, ex. A at 8. Thus, he no longer is in custody pursuant to the conviction he is challenging.

Moreover, Mr. Sayed fails to allege any exception to the custody requirement. The application refers to his current Broomfield County sentence only in section G. pertaining to information about other convictions. ECF No. 1 at 12. Nowhere in the application does Mr. Sayed indicate he is attacking his Broomfield County sentence, nor does he make a specific argument indicating his intent to use the instant application to challenge his current sentence. Because the application cannot fairly be read to challenge Mr. Sayed's current Broomfield County sentence, and he is not in custody pursuant to his Boulder County sentence, this Court lacks jurisdiction to consider the present application.

Respondents also argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Sayed's Boulder County criminal case became final. Mr. Sayed did not appeal from his sentence to two years of probation entered on March 21, 2003. Therefore, Respondents assert that Mr. Sayed's conviction became final, and the one-year limitation period began to run, when the time to file a direct appeal following his sentence expired. The Court agrees. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Sayed had forty-five days to file a notice of appeal after he was sentenced on March 21, 2003, or until May 5, 2003.

The limitation period ran uninterrupted until it expired on May 4, 2004, the anniversary date of the start of the limitation period. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). As such, none of Mr. Sayed's postconviction proceedings, the earliest of which was the withdrawn Colo. R. Crim. P. 35(c) motion filed on July 9, 2004, tolled the limitation period. *See Clark v. Oklahoma*, 468 F.3d 711,

714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act] will toll the statute of limitations.").

Mr. Sayed argues that a different start date under 28 U.S.C. § 2254(d)(1)(C) should be used, i.e., "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  He asserts that the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), recognizes such a right.  *Padilla* held that counsel engaged in deficient performance by failing to advise a defendant that his plea of guilty made him subject to automatic deportation and that the defendant's claim was subject to the ineffective-assistance-of-counsel test in *Strickland v. Washington*, 466 U.S. 668 (1984), not only to the extent that the defendant alleged affirmative misadvice, but also to the extent he alleged omissions by counsel.  Mr. Sayed raises his *Padilla* argument in his first asserted claim.

Respondents argue that the United States Court of Appeals for the Tenth Circuit has held that "*Padilla* is a new rule of constitutional law but does not apply retroactively to cases on collateral review."  *United States v. Chang Hong*, 671 F.3d 1147, 1159 (10th Cir. Okla. 2011).  The Court agrees.  Mr. Sayed's § 2254(d)(1)(C) argument fails He does not assert any other arguments pursuant to § 2255(d).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).   Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).  Mr. Sayed bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327.  The Court emphasizes that a "substantial claim that

constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Sayed fails to demonstrate that the one-year limitation period should be tolled for equitable reasons, and the Court finds no basis for equitable tolling in this action. As a result, the Court finds that this action is barred by the one-year limitation period in § 2244(d), and the action will be dismissed alternatively for that reason. Because the Court has determined that the action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Sayed files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that, alternatively, the habeas corpus application is denied and the action dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  23rd  day of  January , 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court